UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DARLA TERRY-KAMMENZIND, | ) | NO.    CV-11-3104-WFN |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION FOR |
| CAROLYN W. COLVIN, Commissioner | ) | SUMMARY JUDGMENT |
| of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are cross Motions for Summary Judgment (ECF Nos. 13 and 23). Attorney D. James Tree represents Plaintiff Darla Terry-Kammenzind; Special Assistant United States Attorney Jeffrey R. McClain represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **grants** Defendant's Motion for Summary Judgment, denies Plaintiff's Motion for Summary Judgment, and directs entry of judgment for the Defendant.

## BACKGROUND

Plaintiff protectively filed for supplemental security income (SSI) on June 14, 2007. She alleged disability beginning January 1, 1998. The claim was initially denied on

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

January 11, 2008, and again upon reconsideration on April 28, 2008.    Following these denials, a hearing was held before Administrative Law Judge (ALJ) Kim D. Parrish on October 7, 2009.  During the hearing, Plaintiff, who was represented by counsel, testified as did vocational expert Daniel R. McKinney.  A decision was issued on January 15, 2010, finding Plaintiff was not disabled.  Plaintiff requested review by the Appeals Council, which on January 28, 2011, issued a decision affirming the ALJ's decision.  This appeal followed.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

*Id.*

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F,3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  Plaintiff was 40 years old at the time of the hearing.  She has a high school education, and has worked as a nurse aid.  Since the alleged onset date, Plaintiff states she has been unable to sustain competitive employment on a regular and continuing basis due to a combination of impairments, including: anxiety, panic attacks, post traumatic stress disorder, bladder retention, and lateral meniscus problems.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

**ADMINISTRATIVE DECISION**

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 14, 2007, the application date.  At step two, she found Plaintiff had severe impairments of bladder retention, post traumatic stress disorder, and a history of polysubstance abuse.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 416.925, 416.926).  The ALJ concluded that Plaintiff's bladder disorder did not meet a listing and that her mental impairments, individually and in combination, did not meet or medically equal the criteria of listings 12.06, 12.08 an 12.09.

At step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 202.1567(b) except, occasionally, the capacity to climb stairs; to sustain concentration necessary for unskilled work; and required to work in relative isolation with limited contact with peers, supervisors, and the general public. Notably, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent that they are inconsistent with the residual functional capacity assessment.

**ISSUES FOR REVIEW**

The Plaintiff presents the following issues with respect to the ALJ's findings:

1.    Did the ALJ properly evaluate Plaintiff's credibility?

2.    Did the ALJ improperly reject the claimant's knee impairment as groundless at step two?

3.    Did the ALJ fail to meet her burden at step five, to identify specific jobs, available in significant numbers, which the claimant could perform in light of her specific functional limitations?

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 4

1      **1.  <u>Did the ALJ properly evaluate Plaintiff's credibility?</u>**

2      Plaintiff contends that the ALJ improperly evaluated Plaintiff's credibility.

3 Specifically, Plaintiff argues that the ALJ failed to give clear and convincing reasons for

4 discounting Plaintiff's testimony.  Rather, according to Plaintiff, "[s]he provided little more

5 than vague assertions that her allegations are contrary to the evidence including her

6 activities of daily living" (ECF No. 14 at 14).  The Court disagrees.  As Defendant points

7 out, the ALJ offered numerous clear and convincing reasons for her adverse credibility

8 finding.

9      First, Plaintiff's statements regarding her ability to go out in public were inconsistent.

10 Plaintiff said that (1) she did not go out in public, (2) she did not go to the grocery store, and

11 that her daughter did the shopping for her, (3) she went shopping once a month, sometimes

12 for several hours, and (4) that when she went out, she was able to do so unaccompanied.

13 Though her statements were made over the course of a few years, their inconsistency still

14 holds some significance.

15      Second, Plaintiff's statements were also inconsistent with the medical record.  Plaintiff

16 alleged that her knee pain is significant and that it is severe when she tries to lift her foot

17 more than four or five inches off the ground.  However, the notes from her physician after

18 surgery state that she experienced a full range of motion, that her condition was good, that

19 normal postoperative course was appropriate, that her gait was normal with a slight limp, that

20 she should begin physical therapy, and no restrictions were given.  The ALJ noted that

21 despite the referral to physical therapy, Defendant failed to attend.

22      Third, the ALJ found that Plaintiff's statements regarding her mental health were

23 inconsistent with her limited treatment history.  Specifically, Plaintiff failed to attend mental

24 health treatment and was accordingly terminated.  Additionally, though Plaintiff returned to

25 treatment in 2008, it was for a short period of time.  As Defendant points out, the amount of

26 treatment is an important indicator of the intensity of Plaintiff's symptoms.  In sum, the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 5

1  Court concludes that the ALJ gave clear and convincing reasons for discounting Plaintiff's

2  testimony and the interpretation of the evidence was reasonable.

3     **2.   Did the ALJ improperly reject the claimant's knee impairment as groundless**

4  **at step two?**

5     Plaintiff also briefly alleges that the ALJ erred at step two, by not finding that

6  Plaintiff's knee injury was a "severe" impairment.  Plaintiff again notes that she testified

7  before the ALJ that she has severe pain when she lifts her foot more than four or five inches

8  off the ground.  As noted above, the ALJ found Plaintiff's knee impairment non-severe

9  because the medical record showed no lasting limitations after her surgery and Plaintiff's

10  credibility was discounted.  The Court concludes that the ALJ's finding on this issue is

11  reasonable.

12     **3.   Did the ALJ fail to meet her burden at step five, to identify specific jobs,**

13  **available in significant numbers, which the claimant could perform in light of her**

14  **specific functional limitations?**

15     Finally, Plaintiff challenges the ALJ's step five determination.  Specifically, Plaintiff

16  argues that the vocational expert's testimony was without evidentiary value because it was

17  provided in response to an incomplete hypothetical by the ALJ.  Plaintiff first argues that the

18  ALJ's hypothetical failed to include Plaintiff's serious knee injury.  However, as addressed

19  *supra*, the ALJ did not err in finding Plaintiff's knee injury was non-serious.

20     Second, Plaintiff argues that the ALJ's hypothetical failed to include Plaintiff's severe

21  bladder disorder.  While failing to cite to the record, Plaintiff contends her bladder

22  impairment requires her to self-catheterize multiple times throughout the day, which takes

23  a significant amount of time.  However, as Defendant points out, severe impairments do

24  not per se correspond to limitations in a claimant's ability to perform basic work activities.

25  *See Bray v. Comm'r of SSA,* 554 F.3d 1219, 1228-1229 (9th Cir. 2009).  In October of

26  2009, Plaintiff testified that she self-catheterizes every time she uses the bathroom, which

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6

is six to seven times a day depending on how much she drinks. Plaintiff further testified that it takes five to seven minutes each time when at home and longer when she is in a public bathroom (TR at 42). The Court notes that Plaintiff's Yakima Urology Associates records from 6/16/2009, written just a few months before, state that Plaintiff does "intermittent catheterization, trying to do this every other voiding" (TR 425). Further, as Defendant argues, the limitations that Plaintiff described were not inconsistent with the vocational expert's testimony regarding a normal schedule for breaks and lunches (ECF No. 24 at 8). The ALJ did not err by not including Plaintiff's bladder disorder in the hypothetical.

Finally, Plaintiff argues that the ALJ failed to incorporate all of the limitations opined by Dr. Fligstein. Plaintiff relies on Dr. Fligstein's check-box summary conclusions for support. However, as Defendant points out, the check-box portion of the opinion is not the portion of the opinion that the ALJ uses to create a residual functional capacity assessment or the vocational hypothetical. The Court concludes that in the vocational hypothetical the ALJ included all of the restrictions found credible and supported by substantial evidence in the record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed April 24, 2012, **ECF No. 13**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, filed July 13, 2012, **ECF No. 23**, is **GRANTED.**

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7

1    **DATED** this 25th day of June, 2013.

2

3                                          s/ Wm. Fremming Nielsen

4    06-24-13                         WM. FREMMING NIELSEN
                                      SENIOR UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT -  8